**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AUDREY BAKEWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-392** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 3. Both parties argued that the jurisdictional minimum was satisfied. However, having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowner filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Aguda, et al. v. State Farm Fire and Casualty Insurance Company*, Civil Action No. 07-4457, to recover payment for property damage under her insurance policy with State Farm Fire and Casualty Insurance Company ("State Farm"). Rec. Doc. 1 at 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file

---

[1]Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

an individual amended complaint asserting claims as to their respective property. The homeowner then filed an individualized amended complaint against State Farm. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowner Audrey Bakewell claims she was insured under a State Farm homeowners' insurance policy which provided coverage pursuant to its terms and conditions to her home located at 2303 and 2305 Mexico St., New Orleans, Louisiana 70122. Rec. Doc. 1 at 1. She claims her insurance contract was an "all risk" policy with limits of $103,700 for structure, $77,775 for contents, and actual for additional living expenses, a total of $181,475. Rec. Doc. 8 at 1. The homeowner alleges that Hurricane Katrina caused damage to her property, including damage to the roof, the interior, and the home's contents. Rec. Doc. 1 at 2. She further alleges that the damage rendered her real property uninhabitable for an extended period of time and that the damage was caused by wind and wind driven rain. Rec. Doc 1 at 2.

The defendant claims it has paid a total of $16,431.80, less the deductible.[2] Rec. Doc. 16 at 5. That amount includes $13,839.72 less the $1000 deductible for the structure, $18.45 for contents, and $2,573.63 for additional living expenses. Rec. Doc. 16 at 5. The plaintiffs also claim statutory penalties, interest and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 3. State Farm alleges that it properly adjusted and timely paid the plaintiff's claim. Rec. Doc. 16 at 1. Both the homeowner and State Farm allege that this Court has subject matter jurisdiction on the basis of diversity jurisdiction.

## II. LAW AND ANALYSIS

---

[2]Plaintiff, the party invoking jurisdiction, stated amount paid to date is $14,957. Rec. Doc. 8 at 1. It appears, however, that she has also received $82,100.00 under her flood policy issued by State Farm. Rec. Doc. 18.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), *cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Plaintiff is a citizen of and domiciled in the State of Louisiana. Rec. Doc. 1 at 1. State Farm is incorporated and has its principal place of business in Illinois, Rec. Doc. 16 at 4, and is domiciled in Illinois for the purposes of diversity jurisdiction. The domicile of neither the plaintiff nor the defendant is disputed. Therefore, the parties are completely diverse for the purposes of diversity jurisdiction.

The issue in this case is whether there is, in fact, at least $75,000 in controversy between the parties. The majority of Fifth Circuit cases concerning amounts in controversy deal with

cases that were removed from state to federal court, unlike this case.  The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction.  One such example is the case of *St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), which dealt with an action for declaratory judgment.

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original).  In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy.  The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *see also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936).  In this case, therefore, that burden falls on the plaintiff.

In her memo addressing subject matter jurisdiction, plaintiff points to her policy limits of $103,700 for structure, $77,775 for contents, and actual for additional living expenses (a total of $181,475).  Rec. Doc. 8 at 1.  She also points to her own estimate of damages– $64,877 for structure and $25,000 for contents (a total of $89,877)–for which she did not provide any

affirmative proof. Rec. Doc. 8 at 1. She alleges that defendant has only paid $14,957. Rec.

Doc. 8 at 1. In addition to the damages to her property, plaintiff also alleged in her original

complaint that she has a claim for statutory penalties, interest, and attorney fees and that State

Farm's actions were "arbitrary and capricious." Rec. Doc. 1 at 3. The plaintiff did not,

however, provide any evidence demonstrating the "arbitrary and capricious" nature of the

defendants' actions. Notably, no copy of the prerequisite proof of loss was provided as ordered.


The plaintiff alleged that this Court does have subject matter jurisdiction over this matter

because the plaintiff had the benefit of the Louisiana Fourth Circuit Court of Appeals decision in

*Sher v. Lafayette Insurance Co.*, 973 So.2d 39 (La. App. 4 Circ. 2007), at the time of the initial

filing of this lawsuit, which is the time at which the jurisdictional amount is to be determined.[3]

In that case, the court allowed flood damage to be claimed under insurance policies that were

written ambiguously. *Id*. Even if the plaintiff may claim flood damages to satisfy the amount in

controversy, she has not provided this Court with any proof demonstrating that her estimate

should control because she has not provided any documentation of the damages she claims her

property sustained.

Defendant also claims that the jurisdictional minimum has been met. Rec. Doc. 16.

Defendant pointed to the plaintiff's policy limits of $104,633 for the structure and $78,475 for

contents, a total of $183,108. Rec. Doc. 16. The defendant also pointed out that the plaintiff had

an additional flood policy issued by State Farm with a policy limit of $82,100. Rec. Doc. 18 at

---

[3]*Sher v. Lafayette Insurance Co.* has since been reversed in part. *Sher v. Lafayette Insurance Co.*, 988 So.2d 186, 2007-2441 (La. 4/8/08). On appeal, the Louisiana Supreme Court further defined the word "flood" and held that "water that flowed through levees broken by Hurricane Katrina was 'flood' within the meaning of flood exclusion." *Id*. They also held that the "statutory amendment increasing penalties... could not be applied retroactively." *Id*.

2.  The defendant did not provide a statement of loss, but mentioned the plaintiff's own damage

estimates of $64,877 for structure and $25,000 for contents, Rec. Doc. 8 at 1, and mentioned that

"State Farm has yet to receive a copy of any such estimates for damages in this matter." Rec.

Doc. 16 at 5.  The defendants concluded that the amount in controversy is "clearly in excess of

$75,000." Rec. Doc. 16 at 5.

For the court to determine the amount in controversy, the relevant inquiry is the damage

to the property at the time the initial complaint is filed, not the insurance policy limits or the

value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls.

Parties would have needed to provide evidence implicating the limits of the policy, damage

assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La.

2008).  The defendant has apparently paid the plaintiff a total of $16,431.80 less the $1000

deductible. Rec. Doc. 16 at 5.  The plaintiff claims that the defendant has paid only a total of

$14,957. Rec. Doc. 8 at 1.  If the plaintiff's estimate of $89,877 in damages is correct and the

defendant paid the plaintiff $16,431.80 then there is still a total of $73,445.20 left in controversy.

If the defendant paid the plaintiff $14,957 then there is still a total of $74,920 left in controversy.

Both numbers are below the required $75,000 minimum, disregarding the plaintiff's receipt of

$82,100.00 in flood insurance payments.

State Farm also asserted that the plaintiffs may be entitled to potential statutory damages,

penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220, which defendant

argues should be included in the amount in controversy calculation. Rec. Doc. 16 at 6.  Simply

stating that a party may be entitled to penalties is not enough.  The parties must present actual

facts indicating the propriety of such penalties and that indicate why the party is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by both parties, La. R.S. 22:658 and La. R.S. 22:1220 spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. *Id*. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiff has not provided any evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts. Again, no copy of the prerequisite proof of loss is in the record.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject

matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 15th day of June, 2009.


_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**